Filing # 75844990 E-Filed 08/01/2018 04:07:42 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

SHANA FERDINAND,

    Plaintiff,

v.                                    Case No.:

PARK HOTELS & RESORT INC. f/k/a
HILTON WORLDWIDE, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANA FERDINAND, by and through undersigned counsel, brings this action against Defendant, PARK HOTELS & RESORT INC. f/k/a HILTON WORLDWIDE, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. Venue is proper in Orange County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Orange County, Florida.

4. Defendant operates a Hotel in Orlando in County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6.   Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.   Plaintiff requests a jury trial for all issues so triable.

8.   At all times material hereto, Plaintiff was an employee of Defendant.

9.   At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

10.   Plaintiff began working for Defendant on May 2016 as a Barista, and she worked in this capacity until December 14, 2016.

11.   Plaintiff suffers from a disability that qualifies as a handicap under the FCRA, and as such, is a member of a protected class under the FCRA.

12.   Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without accommodation.

13.   Plaintiff required an accommodation of her handicap/disability.

14.   On or about May 2016, Plaintiff notified Defendant of her condition.

15.   On or about October 2016, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested that she be permitted to take time off due to complications with her disability/handicap.

16.   Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

17.   On or about October 2016, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

2

18. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's disability/handicap.

19. After denying Plaintiff's request for a reasonable accommodation, Defendant began taking disciplinary action against Plaintiff in retaliation for her request and/or because of her disability/handicap.

## COUNT I – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

20. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

21. Plaintiff is a member of a protected class under the FCRA.

22. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

23. Defendant's actions were willful and done with malice.

24. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT II—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

25. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

26. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

27. Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of the law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

4

 (i) All costs and attorney's fees incurred in prosecuting these claims; and

 (j) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA RETALIATION

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

33. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

34. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

35. Defendant's actions were willful and done with malice.

36. Defendant took material adverse action against Plaintiff.

37. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this \_\_\_ day of August, 2018.

Respectfully submitted,

*/s/ Christopher J. Saba*
CHRISTOPHER J. SABA
Florida Bar Number:
Direct No.: 813-321-4086
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No: 813-224-0431
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
E-mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**